DeBRULER, Justice,
dissenting.
A worker’s compensation claim is one in which there has been personal injury or death: (1) by accident; (2) in the course of employment; and (3) arising out of employment. Evans v. Yankeetown Dock Corp. (1986), Ind., 491 N.E.2d 969, 973. An injury “arises out of’ employment when it has been caused by employment-related risks. Fields v. Cummins Employees Fed. Credit Union (1989), Ind.App., 540 N.E.2d 631; see also Blaw-Knox Foundry & Mill Mach. v. Dacus (1987), Ind.App., 505 N.E.2d 101. In Evans, a worker’s compensation claim was present where an intentional injury was inflicted within a plant area provided to facilitate employees in eating and changing clothes immediately before and after their shifts. Evans was shot by fellow worker Miller in this area fifteen to twenty minutes before both were to report for work at their work stations. In Blaw-Knox, a worker’s compensation claim existed where an intentional injury was inflicted by an unknown assailant in an employee parking lot not open to the public, late at night, and shortly after a shift.
Here, Vance, a fellow employee and one of a criminal gang of three, clocked out at 9:00 *1278 p.m. and left the restaurant. Foshee clocked out at 10:00 p.m. and changed into civilian clothes. She agreed to give two managers a ride home in her car. This served her personal interests and not those of Shoney’s. She remained in the restaurant, waiting for the two managers. This was a public area. The restaurant was open until 11:00 p.m. During this hour, the danger to Foshee’s physical well-being became manifest to all then present. The gang of three, including the one fellow employee, hid in the public area outside, and attacked as the door was unlocked and Foshee and the two managers emerged.
The complaint, which states that Shoney’s knew through its agents and managers that Foshee was in imminent danger of injury and did not adequately respond on her behalf, when construed as mandated by Ind. Trial Rule (8)(F), states a claim for relief against Shoney’s, and unlike Evans and Blaw-Knox, does- not state a worker’s compensation claim. The case should be remanded with instructions to overrule the defendant’s motion for judgment.